NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE

MONTGOMERY COUNTY                 SUPERIOR COURT DIVISION

Lemons Motor Sports, LLC,         )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )    FILE NO.: 18-CVS-196
                                  )
Matt Cullather,                   )
                                  )
    Defendant.                    )
_____)

## COMPLAINT

**COMES NOW** the Plaintiff through counsel and pursuant to Rules 8, 9 and 10 of the North Carolina Rules of Civil Procedure, and for his Complaint against the Defendant does hereby allege and state as follows:

### PARTIES, CAPACITY, JURISDICTION AND VENUE

1. Plaintiff, Lemons Motor Sports, LLC, is and was at all times relevant hereto a limited liability company organized and formed under the laws of North Carolina with its principal office located in Troy, North Carolina and with two member/managers, Thomas H. Lemons and Thomas H. Lemons, Jr.

2. The registered agent for Lemons Motor Sports, LLC is Thomas H. Lemons.

3. The President of Lemons Motor Sports, LLC is Thomas H. Lemons, Jr. Thomas H. Lemons, Jr. is authorized to enter contracts on behalf of the company.

4. Lemons Motor Sports, LLC, is also known as Jump Start Motor Sports.

5. The company is engaged in the business of driver development and providing race cars to "drivers with the necessary licenses, experience and training to drive the Race Car/Motor." See, Rental Driver Agreement, attached and incorporated by reference as if fully set out herein.

6. Upon information and belief, the Defendant, Matt Cullather, is over twenty-one years of age, is competent, and at all times relevant hereto a resident and citizen of Virginia and conducts racing operations in North Carolina.

7. Defendant is the father of the minor driver of the race car, Grayson Cullather.

8. The amount in controversy in this action exceeds $25,000.00.

9. Pursuant to paragraph 11 of the contract the parties entered into the contract will be interpreted pursuant to laws of the State of North Carolina.

Case 1:18-cv-00635-CCE-JEP   Document 2   Filed 07/18/18   Page 1 of 12

10. Venue is proper in Montgomery County, North Carolina.

## FACTUAL ALLEGATIONS

11. Plaintiff hereby incorporates and realleges the statements contained in the above paragraphs as if fully restated herein.

12. On February 18, 2018, Plaintiff and Defendant entered a contract, entitled "Rental Driver Agreement," (hereinafter, Agreement) attached and incorporated by reference as if fully set out herein.

13. The Agreement provided that Lemons Motorsports, LLC would provide a race vehicle to driver, Defendant's minor son, Grayson Cullather, for 15 races in 2018. See, Agreement. In addition, Plaintiff supplied the following services: a crew chief and pit crew, hauling the race car to and from events, repairing the vehicle at Defendant's expense, gas and tires for the car, and providing 3 pit passes. Plaintiff provided an entire racing development program for the driver.

14. The total contract price for the Agreement was $189,000 payable in $12,000 installments plus costs of repairs and testing. See, Agreement.

15. In addition, the Agreement provided that Defendant would pay for any damage to the race car.

16. Once the racing season has begun, upon information and belief, most drivers have agreements for the use of a race car and services, and it is difficult to find new drivers mid-season.

17. In addition, Thomas Lemons, Jr. as representative for Lemons Motor Sports, LLC, also known as Jump Start Motor Sports, signed an agreement to compete in "all Cars Tour LMSC championship points races on the 2018 schedule . . . with the Bristol Motor Speedway event on May 19, 2018 as the only exception." See, "2018 CARS LMSC Tour Touring 12 Agreement," (hereinafter, CARS Touring Agreement), attached and incorporated by reference as if fully set out herein. Upon information and belief, at the time he signed the CARS Touring Agreement, Mr. Lemons believed Defendant and Grayson Cullather were also signing the agreement in separate parts.

18. Plaintiff provided a race car, crew chief, gas, and tires for races on the 2018 CARS Touring series. Grayson Cullather competed in races pursuant to the CARS Touring Agreement, in March, April and May with the knowledge and approval of Defendant.

19. Grayson Cullather participated in required driver appearances for the CARS Touring Agreement with Defendant's knowledge and consent.

20. At a race in May 2018, upon information and belief, Grayson Cullather, was cursing over the radio and Plaintiff's crew chief attempted to talk to him after the race.

21. Upon information and belief, when the crew chief attempted to correct this behavior, Grayson turned and rudely walked away. When Thomas Lemons, Jr. addressed the behavior with Grayson, Grayson listened and seemed attentive but the Defendant became angry and was upset by the event.

22. All parties left the race track that day with no further incident.

23. When Tommy Lemons, Jr. emailed Defendant invoices on May 21, 2018, he received a reply email on the same date stating, "I know drivers and athletes switch teams all the time and I think at this point it would be in everyone's best interest to shake hands and mutually decide this isn't working and everyone move on in a positive agreement."

24. Subsequent to this email, the Defendant made it clear he would not complete either contract.

25. Therefore, Plaintiff has had to arrange for another driver, at some expense, to race in the required races to fulfil its obligations under the CARS Touring Agreement.

26. Defendant's last installment payment was on or about May 7, 2018. The remaining amount due for installment payments is in excess of $100,000.

27. After Defendant's breach of the Agreement, Plaintiff learned, upon information and belief, that neither Grayson Cullather nor Defendant returned a signed copy of the CARS Touring Agreement.

## **PLAINTIFF'S FIRST CLAIM FOR RELIEF**
(Breach of Contracts)

28. Plaintiff incorporates and realleges the statements contained in the paragraphs above as though restated fully herein.

29. Though it is unclear whether Defendant signed the CARS Touring Agreement, he indicated his assent to that contract by bringing his son to participate in the races and publicity events.

30. Defendant's acts as set out above constitute a substantial and material breach of both the Agreement and the CARS Touring Agreement.

31. Defendant's acts resulted in a complete breach the Agreement and the CARS Touring Agreement as between Plaintiff and Defendant.

32. Upon information and belief, at the time of the Defendant's breach, the Plaintiff was ready, willing, and able to perform its duties under the contracts and was proceeding as if the agreements were in place until such substantial and material breach occurred.

33. Upon information and belief, because of the Defendant's actions the Plaintiff is entitled to damages for the substantial, material breach of each contract.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
(In the alternative Breach of Contract Pursuant to N.C.G.S. 25-2A)

34. Plaintiff incorporates and realleges the statements contained in the paragraphs above as though restated fully herein.

35. In the alternative and out of an abundance of caution, should the Court find the Agreement or any portion of the Agreement falls within the scope of N.C.G.S. 25-2 et. seq., the Plaintiff alleges the Defendant materially breached the Agreement.

36. Upon information and belief, the Plaintiff suffered damages as a result of this breach and Plaintiff is entitled to all rights and remedies under N.C.G.S. 25-2A et seq. in addition to those rights and remedies available under other statutory and case law.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
(Tortious Interference with Contract & Punitive Damages)

37. Plaintiff incorporates and realleges the statements contained in the paragraphs above as though restated fully herein.

38. Defendant knew or should have known a valid contractual relationship existed between Plaintiff and Championship Auto Racing Series (hereinafter CARS).

39. Upon information and belief, without lawful justification the Defendant caused his son, the minor driver, to breach the CARS Touring Agreement with the Plaintiff.

40. Upon information and belief, the Defendant did so willfully and/or under circumstances of rudeness, oppression or in a manner which evidences a reckless and wanton disregard of the Plaintiff's rights.

41. Upon information and belief, the Plaintiff should be allowed to recover compensatory as well as punitive damages in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays unto the Court as follows:

1. That he has and recover judgment against this Defendant in amount in excess of $25,000.00;

2. That the Plaintiff has and recover punitive damages in this matter;

2. That he has and recover the costs of this action, including reasonable attorney's fees;

3. That he has a trial by jury on all issues so triable; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the ___ day of _____ 2018.

_____
Kirk L. Bowling
Attorney for the Plaintiff

Bowling Law Firm
120 King Ave.
P.O. Box 891
Albemarle, NC 28002
Telephone: 704-982-8558
Facsimile: 704-986-4808
Bar#: 21646

_____
Mark T. Lowder
Attorney for the Plaintiff

M.T. Lowder and Assoc.
120 King Ave.
P.O. Box 1284
Albemarle, NC 28002
Telephone: 704-982-8558
Facsimile: 704-986-4808

| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| MONTGOMERY COUNTY | SUPERIOR COURT DIVISION |

Lemons Motor Sports, LLC, )
)
    Plaintiff, )
)
vs. ) FILE NO.: 18-CVS-
)
Matt Cullather, )
)
    Defendant. )
_____ )

## **VERIFICATION**

I, Thomas H. Lemons, Jr., having first being duly sworn, deposes and says that he is the President of Lemons Motor Sports, LLC, in the above-entitled action, and that the foregoing Complaint is true of his own knowledge, except as to matters and things therein stated upon information and belief, and as to those matter and things Mr. Lemons believes said contents to be true.

    This the 11th day of June, 2018.

                                   Thomas H. Lemons, Jr., President
                                   Lemons Motor Sports, LLC

Sworn to and subscribed before me this
the 11th day of June, 2018.

_Renee J. Austin_
Notary Public
My Commission Expires: 12-16-2019



# STATE OF NORTH CAROLINA

Montgomery County

File No. 18-CVS-

In The General Court Of Justice

Name And Address Of Plaintiff
Lemons Motor Sports, LLC

**VERSUS**

Name And Address Of Defendant
Matt Cullather

## SERVICEMEMBERS CIVIL RELIEF ACT AFFIDAVIT

50 U.S.C. 3901 to 4043

**NOTE:** *Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.*

**AFFIDAVIT**

I, the undersigned Affiant, under penalty of perjury declare the following to be true:

1. As of the current date: *(check one of the following)*
   - [ ] a. I have personal knowledge that the defendant named above is in military service.*
   - [X] b. I have personal knowledge that the defendant named above is **not** in military service.*
   - [ ] c. I am unable to determine whether the defendant named above is in military service.*

2. *(check one of the following)*
   - [ ] a. I used the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's military status.
     - [ ] The results from my use of that website are attached.
     (**NOTE:** *The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. DoD security certificates were automatically added to the computers of all Judicial Branch users, such that these users should not expect security alerts to appear with this website after July of 2015. As of June 22, 2016, the Servicemembers Civil Relief Act Website includes the following advice: "Most web browsers don't come with the DoD certificates already installed. The best and most secure solution is for the user to install all of the DoD's public certificates in their web browser."*)
   - [ ] b. I have not used the Servicemembers Civil Relief Act Website and the following facts support my statement as to the defendant's military service: *(State how you know the defendant is not in the military. Be specific.)*

   He is a realtor in Virginia and to my knowledge is not in the United States military.

*****NOTE:** *The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2).*

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 6/11/18 |
|---|---|
| Date 6/11/2018 | Signature Of Affiant [signature] |
| Signature Of Person Authorized To Administer Oaths: Renee J. Austin | Name Of Affiant (type or print): Tommy Lemons, Jr., |
| [ ] Deputy CSC  [ ] Assistant CSC  [ ] Clerk Of Superior Court  [ ] Magistrate | |
| SEAL  [X] Notary  Date My Commission Expires 12·16·2019 | |

**NOTE TO COURT:** *Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.*

(Over)

AOC-G-250, Rev. 2/18
© 2018 Administrative Office of the Courts

# Information About Servicemembers Civil Relief Act Affidavits

1. **Plaintiff to file affidavit**
   In any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—
   (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
   (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.
   50 U.S.C. 3931(b)(1).

2. **Appointment of attorney to represent defendant in military service**
   If in a civil action or proceeding in which the defendant does not make an appearance it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed to represent a service member cannot locate the service member, actions by the attorney in the case shall not waive any defense of the service member or otherwise bind the service member. 50 U.S.C. 3931(b)(2). State funds are not available to pay attorneys appointed pursuant to the Servicemembers Civil Relief Act. To comply with the federal Violence Against Women Act and in consideration of G.S. 50B-2(a), 50C-2(b), and 50D-2(b), plaintiffs in Chapter 50B, Chapter 50C, and Chapter 50D proceedings should not be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. Plaintiffs in other types of actions and proceedings may be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. The allowance or disallowance of the ordering of costs will require a case-specific analysis.

3. **Defendant's military status not ascertained by affidavit**
   If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act. 50 U.S.C. 3931(b)(3).

4. **Satisfaction of requirement for affidavit**
   The requirement for an affidavit above may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury. 50 U.S.C. 3931(b)(4). The presiding judicial official will determine whether the submitted affidavit is sufficient.

5. **Penalty for making or using false affidavit**
   A person who makes or uses an affidavit permitted under 50 U.S.C. 3931(b) (or a statement, declaration, verification, or certificate as authorized under 50 U.S.C. 3931(b)(4)) knowing it to be false, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both. 50 U.S.C. 3931(c).

AOC-G-250, Side Two, Rev. 2/18
© 2018 Administrative Office of the Courts

# RENTAL DRIVER AGREEMENT

THIS RENTAL DRIVER AGREEMENT (the "Contract") is made this 12th day of Feb., 2018, by and between LEMONS MOTORSPORTS LLC (hereinafter referred to as LMS or "Owner"), and **Matt Cullather** (hereinafter referred to as "Driver") and signatory below (hereinafter referred to as "Parent of Driver").

## WITNESSETH:

WHEREAS Owner is engaged in the business of owning, operating and renting race vehicles for competition, and desires to enter into this Contract with Driver for the rental of a race vehicle, with said vehicle being Late Model Stock ("Race Car /Motor");

WHEREAS Driver holds him/herself out as a race driver with the necessary licenses, experience and training to drive the Race Car/Motor;

AND WHEREAS the parties are willing to enter into this Contract on the terms, covenants, and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the foregoing premises and of the mutual covenants contained herein, and further good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. **Term/Event.** The term of this Contract shall be limited to the rental of the Race Car/Motor at 15 Races to be run in 2018 (hereinafter referred to as the "Event(s)"). **RAIN OUTS will be made up.** See Exhibit A.

This Agreement shall commence upon its mutual execution by the parties. Driver understands and agrees that Owner expressly reserves the right to terminate this Contract without notice (such notice is hereby specifically waived by Driver) for: (a) Driver's breach of any term of this Contract including, without limitation, failure to make any payment set forth herein; (b) Driver's failure to abide by the rules and regulations of the sanctioning body of any of the Event(s) that the Driver and/or Race Car/Motor is entered; (c) Driver's failure to abide by the rules and orders of Owner; and (d) Driver's failure to compete at the necessary level and/or demonstrate the skill required to drive the Race Car/Motor in any of the Event(s), which shall be determined in the sole discretion of Owner; and

(e) Any misconduct on or off the track which casts, or may cast, Owner in a bad light, as solely determined by Owner. Termination under this provision shall be without prejudice to any rights or claims which the terminating party may otherwise have against the defaulting party. No payments upon default contained in this agreement shall be deemed to constitute liquidated damages or a waiver of rights to seek damages at law or equity, and the non-defaulting party shall at all times retain all legal and equitable rights of recovery in addition to payments set forth herein.

2. **Compensation.** See Exhibit A.

**TIME IS STRICTLY OF THE ESSENCE IN REGARDS TO ALL PAYMENTS DUE.** Driver may prepay installments or the full amount due at any time.

All funds paid to the Owner shall be non-refundable and "earned" upon such payment being made and specifically not subject to credit or set off whatsoever whether this Contract was terminated prior to the expiration of any term set out herein the Paragraph 1 of this Contract. Any breach of contract on the part of Driver shall require notice to Parent of Driver (who signed this contract below) within 24 hours (verbal or written, preferably both) and Owner will receive 75% of the contract balance at that time.

3. **Prize Earnings.** Notwithstanding the foregoing, Owner shall pay Driver <u>Matt Cullather</u> 100% of any prize earnings awarded as a result of the finishing place or otherwise of the Race Car/Motor at any of the Event(s).

   Any share of prize-winnings due to Driver shall be paid once monthly, on the 20th of the following month. Driver shall receive 100% percent of monies based upon season-long points accumulation; said payment to Driver due at the end of the racing season, or fifteen (15) days after Owner is paid; whichever is later.

4. **Assumption of Risk.** Driver recognizes and acknowledges that driving a Race Car/Motor, in any circumstances, is an inherently dangerous activity in which exposes Driver and others around Driver (including without limitation, Owner, Owner's employees, track officials/workers, other Race Car/Motor drivers and/or spectators) to a high risk of serious bodily injury or death, which may or may not be caused by that Driver's actions or omissions or the actions or omissions of Owner or its employees. In the recognition of these facts, Driver elects voluntarily to assume any and all risks of loss, damages, injury or death that may be sustained by Driver and others around Driver (including without limitation, Owner, Owner's employees, track officials/workers, other Race Car/Motor drivers and/or spectators).

5. **Release.** Driver, for him/herself, his/her heirs, executors, administrators, assigns, agents, and legal representatives, hereby releases, defends, saves and holds harmless, covenants not to sue, forever discharges Owner, its parents, affiliates, partners, subsidiaries, employees, agents, sponsors, members, officers, directors and shareholder(s), and their respective successors and assigns of and from claim, demand, loss or liability (including, without limitation, legal fees), damage, action or right of action, of whatever kind or nature, either in law or equity, arising from or by reason of any bodily injury or personal injury known or unknown, death or property damage which may occur as a result of participation in said event by Driver, or any other activities in connection therewith, whether the result of negligence or otherwise, other than the gross negligence or willful misconduct of Owner.

6. **Indemnity.** Driver further hereby agrees to indemnity and hold Owner, its parents, affiliates, partners, subsidiaries, employees, agents, sponsors, members, officers, directors and shareholder(s), and their respective successors and assigns, harmless from and against any and all damages, liabilities, causes of action, judgments, and claims for personal injury and property damage, and from any fees, incurred in connection with any damages, liabilities, causes of action, judgments, and claims brought, claimed, or asserted at any time on account of the use of the Race Car/Motor during any of the Event(s).

7. **Assumption of Damages.** Driver agrees that he/she has inspected the Race Car/Motor prior to use at the Event, and unless noted herein the margin otherwise, the Race Car/Motor has no damage prior to use at the Event. Driver thereby agrees that any damage whatsoever sustained by the Race Car/Motor at the Event shall be assessed in the sole discretion of Owner. Within 7 days after the Event, Owner shall report and invoice any damages sustained by the Driver and deduct payment from the funds held in. Any balance due or owed by the Driver shall be paid within 7 days of invoice. All Damages will be bill as parts plus labor.

8. **Publicity.** No Party to this Contract shall advertise or publicize, without all parties' prior consent, the terms of this Agreement. Neither Driver nor his/her agents shall use Owner's name, photographs of the Race Car/Motor, trademarks, or likeness of the Race Car/Motor without Owner's approval. This does not prevent driver from talking to the news media following a race or about a race as long as he does not disparage the Owner.

9. **Confidentiality.** Driver acknowledges, understands and agrees that he/she has or will learn certain proprietary information that is confidential and critical to Owner's competitive advantage over other racing teams. Ibis "Confidential information" includes, without limitation, trade secrets, developments, formulas, patterns, devices, inventions, engine and other mechanical designs and processes, fabrications, materials, techniques, compilations of information, records, research data, specifications, etc., and terms of contract including but not limited to pricing, which must not be discussed or disclosed to any third parties.
Driver shall take all action reasonably necessary to ensure the protection, confidentiality and security of such "Confidential Information" and to prevent the disclosure of such information to any third party. Driver acknowledges, understands and agrees that the disclosure of said "Confidential Information" to unauthorized third parties could be extremely harmful to Owner. With respect to any "Confidential Information," Driver acknowledges, understands and agrees that all obligations of the confidentiality and security shall survive the termination of this Contract for a period of one (1) year from the last day of said event. Driver acknowledges, understands and agrees that the unauthorized disbursement, disclosure, utilization and/or sale of "Confidential Information" could result in legal proceedings against it and all unauthorized parties who receive and/or transmit the "Confidential Information."

10. **Additional Driver Expenses.** Driver shall pay all personal expenses incurred, including testing. In addition, Driver shall be responsible for payment of all expenses incurred by individuals not employed by Owner. These expenses shall include the fee(s) for any and lodging, travel, entertainment, food & beverage, guest driver apparel, car graphics, and any other costs associated with friends/guests of Driver not

employed by Owner. LMS will provide yearly NASCAR license's for Driver in addition to 3 daily Pit Passes.

11. **Applicable Law; Consent of Jurisdiction.** This contract shall be construed in accordance with the laws of the State of North Carolina and such law shall be applied in connection with its enforcement in other states and jurisdictions to the extent no repugnant to the laws and public policies thereof.

12. **Miscellaneous.** Headings utilized herein are for convenience only and do not necessarily reflect the precise meaning of the conditions by written agreement of the parties. Driver shall not assign this Contract. Owner may assign this Contract with written notice to Driver. This Contract supersedes and replaces any prior written or oral agreement between any of the parties hereto.

13. **Signator/Parent of Driver:** Matt Cullather has obtained guardian authorization to sign as Parent of Driver which is equivalent of the guardian's power of attorney for Grayson Cullather.

IN WITNESS WHEREOF, the parties hereto have executed this contract in duplicate originals, one of which is retained by each of the parties, the day and year first above written.

**Lemons Motorsports LLC**
A North Carolina Limited Liability Corporation

By: _____
Tommy Lemons Jr, President

**DRIVER; Matt Cullather signed by Authorized Parent of Driver**

_____(SEAL)

Matt Cullather
Print Name